IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. HILL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
SAMUEL L. HILL, APPELLANT.

Filed January 13, 2015.    No. A-14-233.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Samuel L. Hill, pro se.

Jon Bruning, Attorney General, and Stacy M. Foust for appellee.

IRWIN, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

INTRODUCTION

Samuel L. Hill appeals from the order of the district court for Douglas County, which denied his second motion for postconviction relief without an evidentiary hearing. Finding no error in the district court's decision, we affirm.

BACKGROUND

Hill was convicted in 2002 of second degree murder and use of a deadly weapon to commit a felony. He was sentenced to consecutive prison terms of 30 to 45 years, and 5 to 10 years, respectively. Hill filed a direct appeal alleging, in part, that the district court erred in giving a step instruction, over defense counsel's objection, which permitted the jury to consider the elements of manslaughter only if it found that the elements of second degree murder had not been satisfied. He claimed this instruction prevented the jury from reaching the issue of whether the killing was also upon a sudden quarrel, making it voluntary manslaughter. We rejected this argument and affirmed Hill's convictions via memorandum opinion. See *State v. Hill*,

No. A-02-743, 2003 WL 21321179 (Neb. App. June 10, 2003) (not designated for permanent publication).

On May 27, 2009, Hill filed his first postconviction action, alleging that the erroneous step instruction denied him the constitutional right to due process and the presumption of innocence. The district court denied postconviction relief without an evidentiary hearing, finding that his claim was procedurally barred because it was or could have been asserted on direct appeal.

On November 8, 2013, Hill filed his second postconviction action, which is the subject of the present appeal. His motion alleges that he is entitled to postconviction relief because the jury was not permitted to consider the elements of manslaughter (i.e., whether the killing was upon sudden quarrel) unless it found that the elements of second degree murder had not been satisfied, which was found to be erroneous in *State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011) (*State v. Ronald Smith*). He argued to the district court that his motion was timely filed within 1 year of the Nebraska Supreme Court's subsequent opinion in *State v. Smith*, 284 Neb. 636, 822 N.W.2d 401 (2012) (*State v. William Smith*), which applied the rule previously set forth in *State v. Ronald Smith, supra*.

The district court again denied postconviction relief without an evidentiary hearing. It found that (1) the motion was time barred under Neb. Rev. Stat. § 29-3001(4)(e) (Cum. Supp. 2014) because it was filed more than 1 year after August 27, 2011; and (2) the motion was procedurally barred because the issue of the erroneous step instruction had been previously raised on direct appeal and was known or knowable to Hill when he filed his first postconviction action. This timely appeal followed.

## ASSIGNMENT OF ERROR

Hill generally assigns that the district court erred, for various reasons, when it denied his successive motion for postconviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Keyser*, 286 Neb. 176, 835 N.W.2d 650 (2013).

## ANALYSIS

Postconviction motions are subject to the limitations period set forth in § 29-3001(4), which states:

A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state,

is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

Hill argues that the limitations period on his present postconviction action did not begin to run until November 16, 2012, when the Nebraska Supreme Court released the opinion in *State v. William Smith, supra*. According to Hill, that case enunciated a "new constitutional rule" that a jury must be given the option of convicting of either second degree murder or voluntary manslaughter where there is evidence that a killing occurred intentionally without premeditation and the defendant was acting under the provocation of a sudden quarrel. To determine if Hill's second postconviction motion is timely, we begin with an analysis of *State v. Ronald Smith, supra*, and *State v. William Smith, supra*.

*Analysis of* State v. Ronald Smith.

In *State v. Ronald Smith, supra*, the defendant was convicted of second degree murder, second degree forgery, and theft by taking. On direct appeal, he argued that the jury was incorrectly instructed because the step instruction given did not allow the jury to consider whether his specific intent to kill was the result of a sudden quarrel. At the time of his trial, Nebraska law did not require an intention to kill in committing manslaughter. The distinction between second degree murder and manslaughter upon a sudden quarrel was the presence or absence of an intention to kill. See *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654 (1994), *overruled, State v. Ronald Smith, supra*. In *State v. Ronald Smith*, the court overruled *State v. Jones* and held that to sustain a conviction for voluntary manslaughter upon a sudden quarrel, the State must prove an intent to kill.

Because the court recognized that voluntary manslaughter upon a sudden quarrel required intent, it held that the step instruction which required the jury to convict on second degree murder if it found an intentional killing, but did not permit the jury to first consider that the killing was provoked by a sudden quarrel, was erroneous. But because the evidence did not support a finding that the jury could have concluded that the defendant committed sudden quarrel manslaughter, it found the error was not prejudicial.

*Analysis of* State v. William Smith.

A year after *State v. Ronald Smith, supra*, was decided, the Nebraska Supreme Court released *State v. William Smith, supra*. This case was a direct appeal of the defendant's conviction for attempted second degree murder, first degree assault, and use of a weapon to commit a felony. On appeal to our court, we affirmed in part, reversed in part, and remanded for a new trial in part. We held that the defendant was prejudiced by the lack of an instruction on attempted sudden quarrel manslaughter. On further review, the Nebraska Supreme Court affirmed our decision.

In reaching its decision, the Supreme Court noted that after this case was briefed, it decided *State v. Ronald Smith, supra*, which stood for the proposition that an intentional killing

committed without malice upon a sudden quarrel constituted manslaughter. Because of the "significant change in the law" brought about by *State v. Ronald Smith, supra*, and because *State v. William Smith, supra*, was pending on direct appeal at the time of the *State v. Ronald Smith* opinion, the court determined that the defendant in *State v. William Smith* was entitled to a new trial. *State v. William Smith*, 284 Neb. at 654, 822 N.W.2d at 415. In doing so, the Supreme Court explicitly stated that its decision in *State v. Ronald Smith* "did not announce a new constitutional rule." *State v. William Smith*, 284 Neb. at 655, 822 N.W.2d at 655. It granted a new trial, however, because the evidence supported the giving of a sudden quarrel instruction, a substantial right had been prejudicially affected, and to leave it uncorrected would cause a miscarriage of justice.

*Application of* State v. Ronald Smith
*and* State v. William Smith.

Both *State v. Ronald Smith* and *State v. William Smith* were direct appeals involving an erroneous step instruction that did not allow the jury to consider whether the defendants were acting under provocation of a sudden quarrel unless it had acquitted the defendants of second degree murder. At Hill's trial, the jury was given a similar step instruction. Hill asserts that there was evidence of a sudden quarrel at his trial, so pursuant to *State v. William Smith, supra*, the jury should have been given the option of convicting him of either second degree murder or manslaughter. He claims his second postconviction motion is timely because in *State v. William Smith, supra*, the court announced a new constitutional rule derived from *State v. Ronald Smith, supra*. Therefore, Hill argues that because his postconviction motion filed on November 8, 2013, was filed within 1 year from the release date of *State v. William Smith, supra*, his motion is timely under § 29-3001(4)(d).

In order for § 29-3001(4)(d) to apply to Hill's motion, the Nebraska Supreme Court's opinion in *State v. William Smith, supra*, must have announced a new constitutional rule that is applicable retroactively to cases on postconviction review. We find that it did not announce a new constitutional rule; rather, it merely applied the rule that was initially announced in *State v. Ronald Smith*, 282 Neb. at 734, 806 N.W.2d at 394, which overturned existing case law regarding the distinction between second degree murder and manslaughter, and ultimately held:

> [T]he step instruction given in this case was not a correct statement of the law. Specifically, the step instruction required the jury to convict on second degree murder if it found that [the defendant] killed [the victim] intentionally, but it did not permit the jury to consider the alternative possibility that the killing was intentional but provoked by a sudden quarrel, and therefore constituted manslaughter.

Furthermore, in deciding *State v. William Smith, supra*, the Nebraska Supreme Court specifically stated that its decision in *State v. Ronald Smith*, although it brought about a significant change in the law, "did not announce a new constitutional rule." *State v. William Smith*, 284 Neb. at 655, 822 N.W.2d at 416. Accordingly, we find that *State v. William Smith*, which merely applied *State v. Ronald Smith*, likewise did not announce a new constitutional rule. The defendant in *State v. William Smith* was given a new trial because his case was pending on direct appeal at the time *State v. Ronald Smith* was released. Conversely, Hill's direct appeal had long been denied by the time *State v. Ronald Smith* was released and the timeliness of his

postconviction motion is governed by § 29-3001(4). As a result, the 1-year limitation period for Hill's postconviction action began to run on August 27, 2011, and Hill's postconviction motion filed on November 8, 2013, is time barred. See § 29-3001(4)(e).

Because the district court was correct in determining that Hill's postconviction action was untimely, we need not consider Hill's remaining assignments of error.

CONCLUSION

The district court did not err in denying Hill's motion for postconviction relief without an evidentiary hearing because the motion was barred by the applicable statute of limitations.

AFFIRMED.